## Odin Coal Company v. Elmer Tadlock.

1. MASTER AND SERVANT—*how complaint of latter, and promise of former, may be made.* The complaint of defects by the servant and the promise to repair by the master, need not necessarily be by direct personal communication between them, but may be by and through intermediate servants whose duty it is to bear the communication one to the other.

Action on the case for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

LOUDEN & CROW, for appellant.

W. F. BUNDY and FRANK F. NOLEMAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action brought by appellee against the appellant in the Circuit Court of Marion County to recover damages for injuries alleged to have been received by him while in the employ of appellant as a mule driver in its mine at Odin, Illinois.

Plaintiff's declaration contains two counts. The first count alleges that dogs or ratchets on a certain machine

became broken, worn out and out of repair, for a period of a week before the injury and that defendant promised to repair and fix the same so that the machine would not slip off of the truck when the same was moved. And that plaintiff relying upon the promise of the defendant to repair, continued in and about his duties, and that defendant failed to repair said machine dogs and ratchets. The second count alleges a failure to provide machinery with reasonably safe fixtures and appliances.

Appellee was employed as a mule driver in the coal mine. of appellant and while in said employment was injured on the 7th day of October, 1903. Appellant had and used in said mine large machines weighing about 3,000 pounds, operated by electric power. They were known as under-cutting machines, and are moved from one entry or room to another as may be required by means of a truck constructed for that purpose. The truck is gauged to run upon the railway in the mine. At one end of the truck is a roller or windlass to which a chain is attached. The windlass is provided with a wheel and two ratchets or dogs, one called the upper and the other the lower ratchet. The machine is raised to the truck by means of the chain and windlass and retained in place when loaded by the ratchet, which prevents the reversing of the windlass and unwinding of the chain. The undercutting machine was in charge of and operated by two employees called machine runners. Of these there was a day and a night shift. The machine runners loaded the machine and directed its change of position when required. This was done by hitching a mule. to the truck after the machine was loaded and hauling it over the tracks to the place designated. When the night shift quitted work on the morning of the injury, they loaded the machine on the truck preparatory to its removal to another entry and took off the casting to which the upper ratchet or dog was attached and took it to the repair shop. In the morning appellee, directed by the day shift machine runners, or one of them, hitched on to the machine and started to haul it to room 12 on another entry,.

some distance from where it was then standing. On the way, in attempting to avoid a switch leading from the track he was on, the wheel of the truck struck the switch point, jolting the machine and causing it to slide off the truck, by which appellee was thrown to the ground and injured. That the ratchet wheel and dogs were defective and out of repair or adjustment, and that because of this the machine fell from the truck and caused the injury to appellee, scarcely admits of a doubt under the evidence. There is evidence that the defective condition had been observed by appellee and the machine runners three or four days before the injury; that Hawley, the electrician and machine boss, was then and afterwards notified by the runners and each time promised to repair the defect without delay; that he made an attempt to repair the defect by filing the dogs but failed and knew it; that two or three days after the first complaint the upper dog was broken off entirely; that Hawley was again notified and again promised to repair; that a day or two before the injury appellee told the runners that he would not move the machine again until it was fixed; that they then told appellee of the notice to Hawley and his promise to fix it right away and that appellee relied upon this promise and later undertook to move the machine with results as stated. In this state of the evidence the question of appellant's liability under either or both counts of the declaration was clearly one of fact for the jury, and the verdict is conclusive unless the appellant suffered from prejudicial error of the trial court in its rulings upon the admission of evidence and in the giving and refusal of instructions.

The testimony of appellee that he complained of the defective condition of the ratchet or dog to Jackson, one of the machine runners, was properly admitted, for the reason that in moving the machine appellee was under the direction and orders of Jackson as a machine runner, who, for the time, was his immediate boss or superior. The complaint of defects by the servant and the promise to repair by the master need not necessarily be by direct per-

sonal communication between them, but may be by and through intermediate servants whose duty it is to bear the communication one to the other. Appellee complained to Jackson, Jackson complained to Hawley, whose duty it was to repair. Hawley promised Jackson and other runners that the repairs would be made and those in turn informed appellee of Hawley's promise. The evidence was competent and relevant and the court did not err in admitting it. We find no substantial or prejudicial error in the giving or refusal of instructions when examined in the light of the evidence. From a full and careful examination of the record and consideration of the argument we are of opinion that the appellant had a fair trial and that the judgment should be affirmed.

*Affirmed.*